# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEPHANIE K. WALLACE,
as Personal Representative of the Deceased
Peter M. Wallace,

*Plaintiff,*

vs.

MICROSOFT CORPORATION,

*Defendant.*

Case No. 07-2379-EFM

## MEMORANDUM AND ORDER

Presently before the court is a motion by Defendant Microsoft Corporation (Microsoft) for summary judgment (Doc. 107), and a motion by Plaintiff Stephanie K. Wallace, as personal representative of Peter M. Wallace, deceased (Wallace) to supplement amended complaint (Doc. 111). For the following reasons, the court grants Microsoft's motion for summary judgment, and denies Wallace's motion to supplement the amended complaint.

### I. Background

Wallace began working for Microsoft in December 2000 as a consultant. He was promoted in January 2003 to Senior Consultant, and traveled often in that position. During a work trip to Chicago on January 28, 2004, Wallace fell and suffered an on-the-job injury. Wallace was placed on worker's compensation leave from approximately January 30 - February 25, 2004. He returned

to active status and worked from home with medical restrictions from February 25, 2004 until March 31, 2004, when he was again placed on worker's compensation leave because Microsoft could not continue to accommodate his medical restrictions.

On February 4, 2004, Wallace informed Microsoft that he intended to file a worker's compensation claim, which he ultimately did on February 26, 2004.

In September 2004, after he had been on workers' compensation leave for 22 weeks, Microsoft informed Wallace that his position was not being held for him and that it intended to fill his position with another candidate. Months later, in February 2005, Microsoft sent Wallace a letter informing him that his employment would be terminated if he were unable to obtain a release from his doctor allowing him to return to work by March 11, 2005.

On March 21, 2005, Wallace's attorney sent a letter to Microsoft, indicating that Wallace would be medically restricted from any work for four weeks. Over two months later, on May 20, 2005, Microsoft sent another letter to Wallace, informing him that his employment would be terminated if he was unable to return to work by May 27, 2005. Based on Wallace's doctor's statements, Microsoft determined that Wallace was unable to return to work, and terminated his employment.

Nearly two and one-half years later, an independent medical examiner determined that Wallace was unable to perform any work activities, and was totally and permanently disabled. Months after that, Wallace settled his worker's compensation claim for $721,909.02, and acknowledged, when accepting the terms of the settlement, that he was temporarily disabled between January 29 - February 25, 2004, and April 1, 2004 - January 31, 2008. Sadly, Wallace died on March 23, 2010, and his surviving spouse and personal representative was substituted as Plaintiff..

In 2007, Wallace filed a petition in state court, raising claims for retaliatory discharge, breach of an employment contract, outrage, and various state and federal claims. Microsoft removed the matter to federal court, where all claims were dismissed due to either the statute of limitations or in summary judgment. The case was appealed, and the Tenth Circuit affirmed the granting of summary judgment, but remanded the matters previously dismissed due to the statute of limitations for this court's consideration. As such, the only matters before this court are Count I - alleging retaliatory discharge, and Count III - alleging outrage/emotional distress.

Defendant seek summary judgment, arguing that Plaintiff cannot establish the necessary elements of any of the claims. Plaintiff counters that the motion is premature because discovery has not been conducted, and also seeks to supplement the complaint to include a claim for wrongful death of Peter Wallace.

## I. Standards

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."[1] "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[2] A fact is "material" when "it is essential to the proper disposition of the claim."[3] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[4]

---

[1] Fed. R. Civ. P. 56(a).

[2] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[3] *Id.*

[4] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[5] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[6]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[7] The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[8] "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[9] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[10] The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[11]

Finally, summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[12]

---

[5] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[6] *Id.* (citing *Celotex*, 477 U.S. at 325.)

[7] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[8] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[9] *Adler*, 144 F.3d at 671.

[10] *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[11] *Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[12] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

## II. Analysis

A. Retaliatory Discharge

Although Kansas is an at-will employment state, it recognizes a few exceptions to the otherwise rigid rule. One such exception is that an employer may be held liable for terminating an at-will employee who files or intends to file a workers' compensation claim.[13]

When analyzing state-law retaliatory discharge claims, federal courts in Kansas apply the burden-shifting approach used in discrimination cases.[14] Plaintiff has the initial burden to present a case of retaliatory discharge. The burden then shifts to defendant, who must present evidence of a legitimate, non-retaliatory reason for its conduct. If the defendant produces such evidence, plaintiff must prove by a preponderance of the evidence that the defendant employer acted with retaliatory intent and that the offered reasons were pretextual.[15]

The plaintiff bears the burden of proving retaliatory discharge by a preponderance of the evidence that is clear and convincing.[16] The plaintiff must prove that (1) he filed a claim for workers' compensation benefits or sustained an injury for which he might assert a future claim for such benefits; (2) his employer had knowledge of the claim or injury; (3) his employer terminated his employment; and (4) a casual connection existed between the protected activity or injury and the termination.[17]

---

[13] *Gonzalez-Centeno v. N. Cent. Kan. Reg'l Juvenile Det. Facility*, 278 Kan. 427, 101 P.3d 1170, 1173 (Kan. 2004). *See also Morriss v. Coleman Co., Inc.*, 738 P.2d 841, 848 (Kan. 1987).

[14] *Hysten v. Burlington N. Santa Fe Ry. Co.*, 372 F. Supp. 2d 1246, 1254 (D. Kan. 2005).

[15] *Ortega v. IBP, Inc.*, 255 Kan. 513, 874 P.2d 1188, 1196 (1994).

[16] *Bausman v. Innterstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (citing *Ortega*, 874 P.2d at 1197-98).

[17] *Foster v. Allied Signal, Inc.*, 293 F.3d 1187, 1193 (10th Cir. 2002).

The Kansas Supreme Court has recently clarified that "clear and convincing" evidence under Kansas law is evidence that shows that the truth of the facts asserted is "highly probable."[18] Plaintiffs claim that this clear and convincing standard should not be used at the summary judgment stage because it is not usually applied in Kansas. The Tenth Circuit acknowledges that in Kansas courts, a plaintiff in a retaliation case must prove his case at trial with "clear and convincing evidence" but "can successfully oppose a motion for summary judgment by a preponderance of the evidence."[19] Nevertheless, the Tenth Circuit does not permit a federal plaintiff to apply that lower evidentiary standard at summary judgement in federal court.[20] Thus, although this court will look to Kansas law to determine what elements plaintiff must prove at trial to prevail on his claim, this court will look exclusively to federal law to determine whether a plaintiff has provided enough evidence on each of those elements to withstand summary judgment.[21] As such, for his state law retaliation claim, plaintiff "must set forth evidence of a clear and convincing quality that, if believed by the ultimate factfinder, would establish that Plaintiff was more likely than not the victim of illegal retaliation by [his] employer."[22]

---

[18] *In re B.D.-Y.*, 286 Kan. 686. Syl. ¶ 3, 187 P.3d 594 (2008). *See also Shumacher v. Morris*, 219 P.3d 1243 (Kan. App. 2009) (J. Leben, concurring).

[19] *Foster*, 293 F.3d at 1194.

[20] *See Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1129 (10th Cir.2009). *See also Peterson v. Exide Tech.*, No. 09-4122, 2011 WL 677150, at *5 (D. Kan. Feb. 16, 2011).

[21] *Milne*, 575 F.3d at 1129.

[22] *Foster*, 293 F.3d at 1195. *See also Conrad v. Bd. of Johnson County Comm'rs*, 237 F. Supp.2d 1204, 1266-67 (D. Kan. 2002).

Like many retaliatory discharge cases, the fourth element is the only one in contention, i.e. that a causal connection existed between Wallace's filing of a workers' compensation and his firing. "The requisite causal connection may be shown by producing 'evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.'"[23] "In other words, [the plaintiff] must present some evidence that [his] employer undertook the adverse employment action for the purpose of retaliation."[24] "Unless the termination is very closely connected in time to the protected conduct, the plaintiff will need to rely on additional evidence beyond mere temporal proximity to establish causation."[25]

In this case, Wallace suffered his injury on January 28, 2004, filed his worker's compensation claim on February 26, 2004, and was terminated on April 27, 2005. The expanse of time between Wallace's protected conduct of filing his workers' compensation claim and his discharge dispels any argument that a causal connection exists sufficient to establish the fourth requisite element of Wallace's prima facie case. Thus, Wallace cannot rely on the timing of his discharge to make a prima facie case of retaliation.

Courts need not rely solely on temporal proximity, however, and can instead look to "the pattern of actions taken by the defendant" to determine if a causal connection exists between the

---

[23] *McGarry v. Bd. of County Com'rs of County of Pitkin*, 175 F.3d 1193, 1201 (10th Cir. 1999) (quoting *Burrus v. United Telephone Co. of Kansas, Inc.*, 683 F.2d 339, 343 (10th Cir. 1982)).

[24] *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1320-1321 (10th Cir. 1999).

[25] *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997). *See Hysten v. Burlington N. & Santa Fe Ry. Co.,* 296 F.3d 1177, 1184 (10th Cir. 2002) (three months between protected activity and written reprimand was not considered "very closely connected" and was not sufficient to establish the required causal connection in § 1981 retaliation action); *Dougherty v. Venator Group Retail*, 94 F.Supp.2d 1206, 1209-10 (D. Kan. 2000) (two months between termination and claim filing was not sufficient to establish causal connection); *Dewell v. Kansas Bar Ass'n.*, 192 P.3d 1130, No. 98,686, 2008 WL 4471866 at *2 (Kan. Ct. App. 2008) (four months did not establish causation between filing the workers' compensation claim and the adverse employment action).

protected activity and the adverse action.[26] Aside from the termination of Wallace's employment, the record is devoid of any evidence suggesting a causal connection between Wallace's workers' compensation claim and his discharge. Wallace attempts to point to several factors to bolster his claim, but none of them establish a causal connection. For example, Wallace claims that an email chain between Microsoft employees establish a causal connection. A plain reading of the email, however, simply shows Microsoft establishing realms of accommodation, and whether such accommodation would be feasible for Wallace.

The undisputed facts make it clear that Microsoft terminated Wallace's employment after months had passed without Wallace obtaining a return-to-work release allowing him to perform the essential functions of his position. Wallace was unable to work during those months and, repeatedly represented that he was "totally disabled" following his termination, and received substantial payments based upon that representation. Indeed, Wallace never worked for another employer for the nearly five years between his discharge from Microsoft and his death, due to his medical restrictions. As such, there is no evidence upon which Wallace can rely to establish a prima facie case of wrongful discharge. Microsoft is therefore entitled to summary judgment on his wrongful discharge claim.

Even if Wallace were able to establish a prima facie case, summary judgment would still be proper because Microsoft offered a non-discriminatory reason for firing Wallace - his inability to travel - and Wallace cannot prove by that Microsoft acted with retaliatory intent and that the offered reasons were pretextual. "A plaintiff produces sufficient evidence of pretext when [he] shows 'such weaknesses, implausibilities, inconsistencies, incoherencies, or

---

[26]*Hysten*, 296 F.3d at 1184.

contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'"[27] "When evaluating the sufficiency of this evidence, we look to several factors, 'includ[ing] the strength of the [employee's] prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered' on a motion for summary judgment."[28]

Typically, pretext is shown in one of three ways: 1) with evidence that defendant's stated reason for the adverse employment action was false or unworthy of belief; 2) with evidence that defendant acted contrary to a written company policy; or 3) with evidence that defendant acted contrary to an unwritten policy or contrary to company practice.[29] Evidence of pretext may include: prior treatment of plaintiff; the employer's policies and practices; disturbing procedural irregularities; and the use of subjective criteria.[30] "[M]ere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment."[31]

---

[27] *Jones v. Oklahoma City Public Schools*, 617 F.3d 1273, 2010 WL 3310226 at *7 (10th Cir. 2010) (quoting *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1308 (10th Cir.2005)).

[28]*Id*. (quoting *Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133, 148-49, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).

[29]*Kendrick v. Penske Transp. Services, Inc*., 220 F.3d 1220, 1230 (10th Cir. 2000).

[30] *Simms v. Okla. ex rel. Dept. of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1328 (10th Cir. 1999), cert. denied, 528 U.S. 815, 120 S.Ct. 53, 145 L.Ed.2d 46 (1999).

[31] *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir.1997) (quoting *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir.1988)).

While it is true that close proximity between a protected activity and an adverse employment action is a factor in determining whether the defendant's proffered reason is a pretext for retaliation, temporal proximity is not, by itself, sufficient to raise an issue of fact. And, as discussed above, Wallace's employment was terminated long after filing his complaint. After a review of the undisputed facts, there is simply nothing Wallace could point to showing that Microsoft's legitimate reasons for his termination were " a mere cover-up or pretext for retaliatory discharge."[32] As such, even if Wallace could prove a prima facie case, which he cannot, summary judgment would still be proper because Wallace cannot prove that Microsoft's stated reason was pretextual.

B. Outrage

To state a claim for outrage (otherwise known as intentional infliction of emotional distress), Wallace must prove: "(1) the challenged conduct was intentional or performed with reckless disregard for the plaintiff; (2) the conduct was extreme and outrageous; (3) the causal connection exists between the conduct and the plaintiff's mental distress; (4) the plaintiff's mental distress was extreme and severe."[33] The Kansas Supreme Court has established that courts must determine as a matter of law: (1) whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery; and (2) whether the emotional distress suffered by plaintiff is in such extreme degree the law must intervene because the distress inflicted is so severe that no reasonable person should be expected to endure it."[34]

---

[32] *Bracken v. Dixon Indust., Inc.*, 38 P.3d 679, 682 (2002).

[33] *S. Star Cent. Gas Pipeline, Inc. v. Cline*, __ F.Supp.2d __, 2010 WL 4737800, at *5 (D. Kan. Nov. 16, 2010) (citing *Roberts v. Saylor*, 230 Kan. 289, 637 P.2d 1175, 1179 (1981)).

[34] *Roberts*, 637 P.2d at 1179.

Conduct is extreme and outrageous when it "goes beyond the bounds of decency and is utterly intolerable in a civilized society."[35] Such conduct would "arouse resentment against the actor."[36] "Mere trivialities, inconveniences, and annoyances are not sufficient for the Court to consider extreme and outrageous."[37]

Microsoft asserts that its conduct does not rise to the level of extreme and outrageous, and cite a number of cases in which courts applying Kansas law have concluded conduct was not extreme and outrageous.[38] The Kansas Court of Appeals recently addressed the tort of outrage in *Lovitt ex rel Bahr v. Board of County Commissioners of Shawnee County*, and affirmed the denial of recovery after a 911 dispatcher refused to send help and accused a child of filing a false report after the child called 911 when the woman driving the child suffered a seizure and veered off the road.[39] Given that the actions in this case and all the others cited by Microsoft do not

---

[35] *Id.*

[36] *Id.*

[37] *Cline*, 2010 WL 4737800, at *5 (citing *Roberts*, 637 P.2d at 1179).

[38] For example, the claims that have survived summary judgment involved highly shocking and egregious conduct such as repeated physical threats and racially or sexually abusive language. *Compare Taiwo v. Vu*, 822 P.2d 1024, 1029-30 (Kan. 1991) (evidence sustained jury verdict for plaintiff on outrage claim when defendant assaulted, battered, falsely imprisoned, falsely accused, and lied to police about criminal actions by employee and her husband); with *Bradshaw v. Swagerty*, 563 P.2d 511, 514 (Kan. Ct. App. 1977) (summary judgment granted on outrage claim where defendant called plaintiff a "nigger," a "bastard," and a "knot-headed boy."). *See, e.g., Gomez v. Hug*, 645 P.2d 916, 920 (Kan. Ct. App. 1982) (issue of material fact existed on outrage claim when employer verbally accosted employee with vulgar racial slurs, grossly offensive insults, and intense threats of violence over period of several days); *Oliphant v. Perkins Rests. Operating Co.*, 885 F.Supp. 1486, 1489-90 (D. Kan. 1995) (cause of action for outrage stated when supervisor repeatedly cursed at and threw objects at employee for a year and berated her at home with daily phone calls when she was pregnant and on medical leave); *Bernard v. Doskocil Cos., Inc.*, 861 F.Supp. 1006, 1015 (D. Kan. 1994) (summary judgment denied because a "continued pattern of constant hostilities" including racial slurs, pranks and threat to throw flammable rag around plaintiff's neck while he was welding were enough to meet the threshold requirement); *Laughinghouse v. Risser*, 754 F.Supp. 836 (D. Kan. 1990) (outrage found where defendant continually harassed plaintiff over two-year period, including screaming and cursing, unwanted touchings and sexual comments, and fits of rage which included throwing objects and tearing up files, all because plaintiff would not sleep with defendant).

[39] 43 Kan.App.2d 4, 221 P.3d 107 (Kan.Ct.App.2000).

constitute extreme and outrageous conduct, it follows that terminating an employee for not being able to perform his job is similarly not extreme and outrageous conduct. Simply put, there is no evidence of any behavior by Microsoft toward Wallace that could be "regarded as atrocious and utterly intolerable in a civilized society." As such, summary judgment is proper.

C.  Plaintiff's Request for Further Discovery

Plaintiff's request for additional discovery will not change the uncontroverted facts detailed above which were necessary for a determination of the matters in this case. As such, plaintiff's request for further discovery is denied.

D.  Amended Pleading

Rule 15(d) of the Federal Rules of Civil Procedure provides, in part, "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." A party may supplement its complaint by adding new claims to the action "when subsequent events make it necessary to do so."[40] The Tenth Circuit held that "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events."[41] It further held that such "authorization should be liberally granted unless good reason exists for denying such leave."[42] The court may also consider futility of the proposed

---

[40] 3 James Wm. Moore et al., Moore's Federal Practice § 15.30, at 15-107 (3d ed. 1997) (citations omitted).

[41] *Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001).

[42] *Id.* (citing *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989)).

amendments.[43] As with Rule 15(a), the decision to grant or deny a Rule 15(d) motion to supplement rests with the district court.[44]

Plaintiff seeks to supplement the amended complaint to include a cause of action for the wrongful death of Peter Wallace, who died while this case was on appeal. Microsoft opposes the motion, and argues that the wrongful death claim is preempted by the Kansas Workers Compensation Act (KWCA), and does not state a plausible claim upon which relief may be granted.

Microsoft has the burden of establishing futility.[45] A proposed supplementation is futile if the supplemental claim would be subject to dismissal.[46] The court must analyze the proposed claims as if they were before the court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[47]

---

[43] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[44] *See Gillihan*, 872 F.2d at 941.

[45] *Garcia v. Tyson Foods, Inc.*, No. 06-2198, 2010 WL 4102299, at *5 (D. Kan. Oct. 18, 2010).

[46] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)).

[47] *Id.*

The KWCA states that "no employer…shall be liable for injury for which compensation is recoverable under the workers' compensation act…."[48] This "exclusivity provision" has beeninterpreted by the courts to mean that an employee cannot maintain a civil action for damages against his employer for physical injuries.[49]

Wrongful death claims are also barred by the exclusivity provision of the KWCA.[50] The Tenth Circuit Court of Appeals, found that "the Kansas legislature chose to eliminate civil causes of action seeking to redress injuries for which workers' compensation benefits are recoverable. Plaintiffs, therefore, never had a vested property interest in their survival and wrongful death action."[51] The KWCA is also the exclusive remedy for injuries caused by the intentional torts of third parties, including fellow employees.[52] Accordingly, Wallace's wrongful death claim is barred by the exclusivity provision of the KWCA.

Even if the wrongful death claim were not barred by the exclusivity provision of the KWCA, the proposed supplement would still be denied as futile because Wallace fails to state a claim upon which relief may be granted. To state a cause of action upon which relief may be granted, a plaintiff must include sufficient factual allegations which, if taken as true, "state a

---

[48] K.S.A. § 44-501(b).

[49] *See Beam v. Concord Hospitality, Inc.*, 873 F. Supp. 491, 498 (D. Kan. 1994) (holding that physical injuries are covered by the KWCA); *see also Edwards v. Anderson Engineering, Inc.*, 284 Kan. 892, 896 (2007) (citing K.S.A. § 44-501, *et seq.*, and *Scott v. Hughes*, 281 Kan. 642, 645 (2006) (finding an employee receiving workers' compensation benefits "cannot maintain a civil action for damages against the employer or another employee" because employers and coworkers are immune from civil liability pursuant to the KWCA)).

[50] *See Price v. W. Resources, Inc.*, 232 F.3d 779, 789-90 (10th Cir. 2000).

[51] *Id.* at 789 (quoting *Price v. W. Resources, Inc.*, 50 F. Supp. 2d 1057, 1063 (D. Kan. 1999)).

[52] *See Bernard v. Doskocil Cos., Inc.*, 861 F. Supp. 1006, 1012-13 (D. Kan. 1994) (finding that intentional torts by fellow employees is compensable under the Kansas Workers' Compensation Act); *see also Beam*, 873 F. Supp. at 498 (intentional torts which lead to physical injury are covered by KWCA).

claim to relief that is plausible on its face."[53] A complaint states a plausible claim for relief when its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[54] A complaint that simply provides "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice."[55] Further, a plaintiff must plead more than a "sheer possibility" of unlawful conduct and must plead more than conclusions or a recitation of the elements of the claim.[56]

Plaintiff's proposed supplemented amended complaint fails to set forth sufficient facts establishing causation, which is an essential element of a wrongful death action.[57] Rather, the proposed supplemented amended complaint contains only conclusory allegations of the improbable possibility that Microsoft somehow caused Peter Wallace's death. The facts are clear that Microsoft terminated Wallace's employment on April 27, 2005, and that Peter Wallace died almost five years later on March 23, 2010. There is simply nothing in Wallace's facts to establish causation, and thus it would be futile to allow the supplementation.

---

[53]*Ashcroft v. Igbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. Bell*, 365 Fed. Appx. 133, 138-40, 2010 WL 517629, at *5 (10th Cir. Feb. 12, 2010); *Venture Commercial Mortgage, LLC v. Fed. Deposit Ins. Corp.*, Case No. 09-2285-KHV, 2010 WL 820711, at *1 (D. Kan. Mar.5, 2010).

[54]*Iqbal,* 129 S.Ct. at 1949.

[55] *Id*.

[56] *Id.*

[57]*See Finney v.City of Wellington*, 227 P.3d 1010, 2010 WL 1253647, at * 2-3 (Kan. Ct. App. Mar. 26, 2010) (finding that because the plaintiff failed to establish causation, she could not assert a claim of wrongful death).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgement (Doc. 107) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Amended Complaint (Doc. 111) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 30th day of March, 2011.

*/s/ Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE